# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MICHAEL DEAN CASTEVENS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> FRANK L. PERRY,[1] ) <br> ) <br> Respondent. ) | 1:12CV705 |

## MEMORANDUM OPINION AND ORDER

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 2.) In the Superior Court of Chatham County, Petitioner pled guilty, pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), to assault with a deadly weapon with intent to kill inflicting serious injury in case 11 CRS 50022. (Docket Entry 2, ¶¶ 1, 2, 4-6; see also Docket Entry 6, Ex. 1.) The trial court sentenced Petitioner pursuant to the terms of his plea bargain to 66 to 89 months in prison. (Docket Entry 2, ¶ 3; see also Docket Entry 6, Exs. 1-4.) Petitioner did not pursue a direct appeal. (Docket Entry 2, ¶ 8.)

Petitioner did file a pro se motion for appropriate relief ("MAR") with the trial court (Docket Entry 6, Ex. 5), which that court summarily denied. (Docket Entry 7, Ex. 6.) Petitioner thereafter submitted a second pro se MAR to the trial court (Docket Entry 6, Ex. 7), which appears to be merely a photocopy of his

---

[1] As discussed below, the Court grants Petitioner's request in his "Motion to Amend habeas corpus" (Docket Entry 13) to change the name of Respondent to reflect the current Secretary of the North Carolina Department of Public Safety, Frank L. Perry.

first MAR (and bears its prior submission date) (id. at 6), except that he attached copies of the second page of the Felony Judgment Findings of Aggravating and Mitigating Factors (Structured Sentencing) form in his underlying criminal case and a purported signed statement from "Lynn Castevens" (id. at 7-8). The trial court summarily denied the second MAR. (Docket Entry 6, Ex. 8.) Subsequently, Petitioner filed a pro se "Motion for Appeal in said cases" with the trial court. (Docket Entry 6, Ex. 9.) The trial court also summarily denied that motion. (Docket Entry 6, Ex. 10.) Petitioner then filed a third pro se MAR with the trial court (Docket Entry 6, Ex. 11), which that court summarily denied (Docket Entry 6, Ex. 12). The record before the Court does not demonstrate that Petitioner ever filed a petition for certiorari with the North Carolina Court of Appeals seeking review of the denial of his state court post-conviction filings.

Petitioner subsequently submitted his instant Petition to this Court (Docket Entry 2), which he dated as signed on July 9, 2012 (id. at 15),[2] and which the Court stamped as filed on July 11, 2012 (id. at 1).[3] Respondent moved for summary judgment on the merits (Docket Entry 5) and Petitioner responded by filing, past the response deadline, (1) a notarized "confession" by the victim,

---

[2] For portions of the Petition lacking paragraph numbers, pin citations refer to the page number in the footer appended to said document by the CM/ECF system.

[3] Under Rule 3(d) of the Rules Governing Section 2254 Cases in United States District Courts, the Court deems the instant Petition filed on July 9, 2012, the date Petitioner signed the Petition (under penalty of perjury) as submitted to prison authorities. (See Docket Entry 1 at 15.)

Petitioner's brother, Millard Lynn Castevens, dated October 3, 2012, declaring that, "[d]ue to my own negligence and I was drinking alcohol, I fell on the knife" and that "[i]t was no one else's fault" (Docket Entry 9 at 2); (2) a Declaration and Request to Proceed In Forma Pauperis (Docket Entry 12); (3) a "Motion to Amend habeas corpus" (Docket Entry 13); and (4) a letter from his mother, Mary Castevens, dated March 10, 2014, stating that, although she did not witness the assault, she did not think Petitioner stabbed the victim and urging the Court to "check [a] phone call from [Petitioner] to [the victim]" (Docket Entry 14 at 1).

In regards to the "confession" of Millard Lynn Castevens (Docket Entry 9) and the letter from Mary Castevens (Docket Entry 14), these documents both post-date Petitioner's post-conviction filings in state court, such that the state trial court could not have considered them in ruling on Petitioner's MARs. Further, as discussed below, the highly deferential standard of review under 28 U.S.C. §2254(d) applies to the claims in the Petition (other than the portion of Claim One that alleges ineffective assistance of counsel in conclusory fashion). As such, this Court cannot consider either the "confession" or the letter in evaluating such claims. See Cullen v. Pinholster, ___ U.S. ___, ___, 131 S. Ct. 1388, 1398 (2011) (holding "that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits").

With respect to Petitioner's Declaration and Request to Proceed In Forma Pauperis (Docket Entry 12), the record reflects that Petitioner filed a similar request at the outset of this action (Docket Entry 1), which request the Court granted (Docket Entry 3). Accordingly, the Court denies Petitioner's second such request as moot.

In Petitioner's "Motion to amend habeas corpus" (Docket Entry 13), Petitioner seeks to amend the instant Petition in the following ways:

1) Amend Respondent['s] name to Frank Perry, Secretary of Public Safety.

2) Amend request for sua sponte not to be dismissed.

3) Amend that the Honorable James Hardin did not allow due process and let the new evidence be brought forth in his courtroom that proved my innocence.

4) Amend that Kaley Taber District Attorney of Chatham County did not reopen my case after receiving the new evidence that proved my innocence.

5) Amend request for an [sic] court appointed attorney to help with my appeal.

6) Amend that the victim has been denied to speak to the Honorable Jame[s] Hardin and explain innocence of Petitioner.

7) Amend that the victim had been denied to speak with District Attorney Katy Taber and explain innocence of Petitioner.

(Id. at 1-2.) As noted supra in note one, the Court will grant Petitioner's request to amend the Petition by changing the name of Respondent to the current Secretary of the North Carolina Department of Public Safety, Frank L. Perry. On its face,

Petitioner's request for "sua sponte not to be dismissed" does not make out a cognizable ground on which to amend the Petition. To the extent Petitioner asks that the Court not dismiss the Petition sua sponte, that request is moot in that this Court will resolve this case based on Respondent's summary judgment motion (Docket Entry 5), to which Petitioner had an opportunity to respond (see Docket Entry 7). With regards to Petitioner's request for appointment of counsel, the Court will deny such request, as Petitioner has failed to demonstrate the requisite exceptional circumstances. See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds, Mallard v. United States Dist. Ct. for S.D. Iowa, 490 U.S. 296 (1989).

Finally, as to paragraphs 3, 4, 6 and 7 of Petitioner's motion to amend, the Court will deny such requests as futile. A habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. As such, Federal Rule of Civil Procedure 15 governs a motion to amend in a habeas case. Because Petitioner filed his instant Motion far more than 21 days after the service of his Petition or the filing of a responsive pleading, he may amend only with leave of court or the consent of Respondent. See Fed. R. Civ. P. 15(a)(1). Respondent has not consented to the amendment. (See Docket Entries dated Oct. 28, 2013, to the present.) As for leave of the Court, "leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Here,

futility requires denial of Petitioner's requests to amend in paragraphs 3, 4, 6 and 7. All such requests involve claims that, in conjunction with Petitioner's pending state post-conviction filings, the trial court and prosecutor violated Petitioner's rights by refusing to entertain his new evidence. However, federal habeas review does not reach claimed errors in the state post-conviction process. See Bryant v. State of Maryland, 848 F.2d 492, 493 (4th Cir. 1988).

The parties have consented to disposition of this case by a United States Magistrate Judge. (Docket Entry 11.) For the reasons that follow, the Court will grant Respondent's Motion for Summary Judgment and dismiss the Petition.

## **Claims**

Petitioner raises two claims for relief in his Petition. He alleges that (1) he "was not mentally stable to stand trial," "counsel was ineffected [sic]," "[t]he victim in the case states in writting [sic] the defendant had nothing to do with him getting stabbed," and "Defendent [sic] has several [witnesses] stateing [sic] he had nothing to do with it" (Docket Entry 2 at 5); and (2) he possesses "[a] written statement from victim claiming [he is] innocent" and has "witnesses claiming [he is] innocent" (id. at 7).[4]

---

[4] For Ground Three, Petitioner merely wrote, "Same as one and two." (Docket Entry 2 at 8.) Similarly, as to Ground Four, he wrote "Same as 1, 2, 3." (Id. at 10.) The Court finds that Grounds Three and Four do not set forth independently articulated claims and thus limits its discussion to Grounds One and Two of the Petition.

## **Standard of Review**

Where a state trial court adjudicated a petitioner's claims on their merits, this Court must apply 28 U.S.C. § 2254(d)'s highly deferential standard of review to such claims. That statute precludes habeas relief in cases where a state court has considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as set out by the United States Supreme Court or the state court decision was based on an unreasonable determination of the facts. A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407. "Unreasonable" does not mean simply "incorrect" or "erroneous" and the Court must judge the reasonableness of the state court's decision from an objective, rather than subjective, standpoint. Id. at 409-11. Finally, state court findings of fact are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**Discussion**

As an initial matter, Petitioner has failed to fully exhaust his state remedies with respect to the claims he asserts in the instant Petition. As noted above, Petitioner did not pursue a direct appeal and the record before the Court does not reflect that Petitioner ever sought appellate review of the denial of his state court post-conviction filings by filing a petition for certiorari with the North Carolina Court of Appeals. As such, Petitioner has failed to exhaust his state remedies under 28 U.S.C. § 2254(b)(1)(A). See Robinson v. Lewis, No. 5:12-HC-2021-F, 2013 WL 1182658, at *6 (E.D.N.C. Mar. 21, 2013) (unpublished) (holding state remedies exhausted by either pursuing a direct appeal through the North Carolina Supreme Court or by filing a MAR in the state trial court and appealing its denial to the North Carolina Court of Appeals); Simpson v. Branker, No. 3:11-cv-348-RJC, 2012 WL 4321294, at *3 (W.D.N.C. Sept. 20, 2012) (unpublished) (same). Respondent notes in his brief in support of his motion for summary judgment that he does not waive Petitioner's non-exhaustion. (Docket Entry 6 at 2.) Nevertheless, under the authority of 28 U.S.C. § 2254(b)(2), the Court may deny non-exhausted claims on the merits and will proceed to consider Petitioner's claims.

<u>Claim One</u>

In his first claim, Petitioner asserts that he lacked mental competence to stand trial, that he suffered ineffective assistance of trial counsel, and that the victim and other witnesses now state that Petitioner "had nothing to do with" the stabbing of the

-8-

victim.  (See Docket Entry 2 at 5.)  These contentions do not warrant relief.

Petitioner's ineffective assistance claim fails as conclusory under Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), which holds that "[i]n order to obtain an evidentiary hearing on an ineffective assistance of counsel claim - or for that matter, on any claim - a habeas petitioner must come forward with some evidence that the claim might have merit" and that "[u]nsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing," abrogated on other grounds, Gray v. Netherland, 518 U.S. 152, 165-66 (1996).  Here, Petitioner has not provided any details or substantiation of the ways in which his trial counsel allegedly provided constitutionally ineffective representation, either in his Petition (see Docket Entry 2) or in any of his filings following Respondent's instant Motion (see Docket Entries 9, 12-14).  Under these circumstances, the Court denies as meritless Petitioner's conclusory ineffective assistance claim.[5]

Respecting Petitioner's claims of mental incompetence to stand trial and statements from the victim and other witnesses that he "had nothing to do with" the assault to which he pled guilty, Petitioner presented the substance of these claims to the state

---

[5] Petitioner did not allege ineffective assistance of his trial counsel in his first or second MAR (see Docket Entry 6, Exs. 5, 7), raising it for the first time in his "Motion for Appeal in said cases" (see id., Ex. 9).  Thus, such a claim may be procedurally defaulted.  See N.C. Gen. Stat. § 15A-1419(a)(1). However, in light of the conclusory nature of the claim, the Court need not and does not reach the issue of procedural default.

trial court in his first MAR. (Docket Entry 6, Ex. 5.) That court denied those claims on the merits as follows:

> 2. [Petitioner] claims that he is innocent based upon Chatham County Jail phone records from his incarceration in the days subsequent to the crime. [Petitioner] further claims some mental instability, and refers to the finding by the Court in mitigation during sentencing. Finally, [Petitioner] claims newly discovered evidence in the form of an alleged affidavit from Millard Lynn Castevens, the victim in this case, but no affidavit is attached.
>
> 3. At the time of sentencing, the Transcript of Plea indicates that Judge Hardin went through the plea colloquy with [Petitioner], and that Judge Hardin found that [Petitioner] was satisfied with his lawyers' legal services, that [Petitioner] had discussed the possible defenses with his attorney, that he was competent to stand trial, and that [Petitioner's] plea was his informed choice, made freely, voluntarily, and understandingly.
>
> . . .
>
> Based upon a review of the file in its entirety in this case, the court makes the following findings of fact:
>
> 1. [Petitioner] indicated in the plea transcript that he clearly understood the plea arrangement and his rights. He further indicated that he had discussed the possible defenses, if any, with his attorney. He has presented no credible evidence to the contrary.
>
> 2. Based upon the evidence contained in the file, including the June 13, 2011 Transcript of Plea, it appears [Petitioner] was satisfied with his lawyer's legal services, [and] that he was competent to stand trial.
>
> 3. [Petitioner] presents no evidence nor does he forecast any evidence that would support a claim of incompetence or that would support a defense of insanity; the court in fact found quite the opposite: that any mental condition [Petitioner] was suffering from was insufficient to constitute a defense.

> Based upon the foregoing findings of fact, the Court makes the following conclusions of law:
>
> 1. [Petitioner] knowingly, understandingly, and voluntarily entered a plea of guilty to assault with a deadly weapon with intent to kill, inflicting serious injury.
>
> 2. [Petitioner's] claims of innocence, mental in capacity, and newly discovered evidence are not supported by any competent evidence or proffer of same.

(Docket Entry 6, Ex. 6 at 2-3.)

Under these circumstances, this Court must apply Section 2254(d)'s highly deferential standard of review. In that regard, Petitioner has not alleged and the Court has not identified any unreasonable fact-finding by the trial court in denying the MAR. Further, the trial court's order denying the MAR neither resulted in a decision contrary to, nor involved an unreasonable application of, clearly established federal law. Regarding Petitioner's claim of mental incompetence, the trial court's finding that Petitioner remained competent to stand trial (see Docket Entry 6, Ex. 1 at 5; see also id., Ex. 3 at 3), finds support in Petitioner's responses during the plea colloquy (see id. at 2-4), and a presumption of correctness applies to such findings by the trial court, see Demosthenes v. Baal, 495 U.S. 731, 735 (1990) (holding state court's finding of defendant's competence to stand trial entitled to presumption of correctness on federal habeas review). Petitioner maintains a burden to overcome that presumption by clear and convincing evidence, see 28 U.S.C. § 2254(e)(1). Here, Petitioner fails to rebut the presumption as

> Based upon the foregoing findings of fact, the Court makes the following conclusions of law:
>
> 1. [Petitioner] knowingly, understandingly, and voluntarily entered a plea of guilty to assault with a deadly weapon with intent to kill, inflicting serious injury.
>
> 2. [Petitioner's] claims of innocence, mental in capacity, and newly discovered evidence are not supported by any competent evidence or proffer of same.

(Docket Entry 6, Ex. 6 at 2-3.)

Under these circumstances, this Court must apply Section 2254(d)'s highly deferential standard of review. In that regard, Petitioner has not alleged and the Court has not identified any unreasonable fact-finding by the trial court in denying the MAR. Further, the trial court's order denying the MAR neither resulted in a decision contrary to, nor involved an unreasonable application of, clearly established federal law. Regarding Petitioner's claim of mental incompetence, the trial court's finding that Petitioner remained competent to stand trial (see Docket Entry 6, Ex. 1 at 5; see also id., Ex. 3 at 3), finds support in Petitioner's responses during the plea colloquy (see id. at 2-4), and a presumption of correctness applies to such findings by the trial court, see Demosthenes v. Baal, 495 U.S. 731, 735 (1990) (holding state court's finding of defendant's competence to stand trial entitled to presumption of correctness on federal habeas review). Petitioner maintains a burden to overcome that presumption by clear and convincing evidence, see 28 U.S.C. § 2254(e)(1). Here, Petitioner fails to rebut the presumption as

he has proffered nothing beyond his own bare allegation of mental instability to support his claim of incompetence to stand trial.

To the extent it constitutes a cognizable habeas claim, Petitioner's protestation of innocence based upon post-conviction, allegedly exculpatory statements from the victim and other witnesses fails in light of Petitioner's sworn, in-court admissions of guilt during the plea colloquoy. (Docket Entry 6, Ex. 1 at 2-4.) The United States Supreme Court has held that "representations of the defendant, his lawyer, and the prosecutor at . . . a [plea] hearing as well as any findings made by the judge accepting the plea constitute a formidable barrier in subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Here, Petitioner attempts to overcome the "formidable barrier" of Blackledge by reliance upon a purported written statement from the victim, Millard Lynn Castevens, that Petitioner "had nothing to do with" the assault on the victim, as well as other, unidentified witnesses who would allegedly state the same opinion. (Docket Entry 2 at 6.) Petitioner attached to his second MAR[6] an unnotarized, undated, handwritten statement, purportedly signed by "Lynn Castevens" which reads: "I feel [sic] on the [knife]. I [sic] was a acedent [sic]. I waz [sic] no one falt [sic]. I can [remember] now. Lynn Castevens I lov [sic] you broter [sic]."

---

[6] Because Petitioner failed to attach this alleged statement to his first MAR, a procedural bar likely applied to his attempt to rely upon it in his second MAR. Indeed, the state court denied Petitioner's second MAR both on the merits and, alternatively, on grounds of procedural bar. (Docket Entry 6, Ex. 8.) Again, as Petitioner's claim of innocence fails on its merits, the Court need not reach the issue of procedural bar.

(Docket Entry 6, Ex. 7 at 9.)[7] That statement, which lacks any indicia of reliability, falls far short of overcoming the high hurdle set by <u>Blackledge</u>, as do Petitioner's allegations that other, unidentified witnesses would state that Petitioner "had nothing to do with" the assault.

In sum, Petitioner's Claim One provides no basis for relief.

<u>Claim Two</u>

In his second claim, Petitioner asserts that he possesses "[a] written statement from [the] victim claiming [he is] innocent" and can identify "witnesses claiming [he is] innocent." (Docket Entry 2 at 7.) Petitioner's second claim merely reiterates grounds already raised in Claim One. For the reasons described above, Petitioner's Claim Two also fails.

**IT IS THEREFORE ORDERED** that Petitioner's Second Request to Proceed In Forma Pauperis (Docket Entry 12) is **DENIED AS MOOT**, that Petitioner's "Motion to Amend habeas corpus" (Docket Entry 13) is **GRANTED IN PART** and **DENIED IN PART** as set out in this Memorandum Opinion and Order, that Respondent's Motion for Summary Judgment

---

[7] The Court notes that this document does not state that Petitioner "had nothing to do with" the assault on Millard Lynn Castevens. Rather, the statement merely asserts that the victim accidentally fell on the knife. The statement neither denies Petitioner's presence during the incident, nor rules out Petitioner's brandishing of the knife during the incident.

(Docket Entry 5) is **GRANTED,** that the Petition (Docket Entry 2) is **DENIED,** and that this action is **DISMISSED.**

                                                /s/ L. Patrick Auld
                                                   **L. Patrick Auld**
                                        **United States Magistrate Judge**

May 7, 2014